**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jerome Garrett,** | ) | **CASE NO. 1:05 CV 2185** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Margaret Bradshaw, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman, Jr. (Doc. 16) which recommends dismissal in part and denial in part of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Jerome Garrett, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be dismissed in part and denied in part.  Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The following facts were found by the state appellate court:

On March 7, 2002, Sarah Russell attempted to visit Jerome
Garrett, who was an inmate at the Mansfield Correctional Institution at that
time. She was stopped on her way into the facility and was found to be
attempting to smuggle marijuana into the institution by way of balloons which
she concealed in her vagina. Ms. Russell stated that she was
bringing the drugs to the institution at the request of [Garrett] and that he made
all the arrangements for the visit.

[Garrett] was charged with one count [of] conveying drugs into a prison
facility, in violation of R.C. § 2921.36(A)(2), a third degree felony.

On April 17 and 18, 2003, this matter was tried before a jury. [Garrett]
chose to represent himself at trial.

At trial, Sarah Russell testified that she brought marijuana into the
Mansfield Correctional Institution at the request of [Garrett].
She also testified that [Garrett] wrote letters to her asking her to bring drugs
into the facility.

The jury returned a verdict of guilty as charged.

*State v. Garrett,* 2004 WL 943862 (Ohio App. 5th Dist. April 30, 2004).

Petitioner asserts two grounds for habeas relief:

(1) Over his objections, the trial court improperly required him to appear in front of the jury wearing his orange prison jumpsuit, leg irons, belly chains and handcuffs.

(2) Petitioner's appellate counsel was ineffective in not arguing that the trial court erred

>in allowing him to represent himself without ensuring that petitioner had knowingly, intelligently and voluntarily waived his right to counsel.

The Magistrate Judge found the first ground to be without merit and the second ground to be procedurally defaulted. For the following reasons, this Court agrees.

With regard to the first ground, the state appellate decision was not an unreasonable application of, nor contrary to, clearly established federal law. That court determined that petitioner was not prejudiced by having to wear his prison attire given that the jury was already aware that he was in prison because he was charged with conveying drugs into a prison. Thus, any error was harmless. The court alternatively concluded that as petitioner was currently incarcerated for aggravated murder, the trial court was within its discretion to choose to protect those in the courtroom by restraining petitioner since, as his own counsel, he was free to move about the courtroom and approach witnesses and the jury.

The Magistrate Judge found fault with the state appellate court's harmless error analysis given that federal case law recognizes that the mere fact that a defendant is known by the jury to be incarcerated is not enough, in itself, to mitigate the prejudice inherent in his appearing shackled. Nonetheless, the Magistrate Judge found the evidence of petitioner's guilt to be overwhelming. This Court agrees as there was testimony that petitioner's phone and mail communications were monitored revealing his request of Russell to bring in the drugs. Russell testified that she did so at petitioner's request, and the search of her body was pursuant to a warrant obtained as a result of the monitoring. A crime lab report, whose authenticity was stipulated to by petitioner's court-appointed lawyer prior to petitioner assuming his own representation, verified the identity of the substance as marijuana.

The Magistrate Judge found the second ground for relief to be procedurally defaulted

because petitioner did not raise it to the Ohio Supreme Court on direct appeal although he knew the facts underlying his ineffective assistance of appellate counsel argument in time to have asserted it to that court, and he was no longer represented by the appellate attorney who he alleges was ineffective.  This Court agrees.  On this basis, petitioner's failure to raise this claim to the Ohio Supreme Court on direct appeal constitutes procedural default.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed in part and denied in part.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

Furthermore, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

     /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/30/08